UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JEROME and KAREN JEROME, husband and wife,<br><br>             Plaintiffs,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | NO: 2:14-CV-406-RMP<br><br>ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION |

BEFORE THE COURT is the United States' Motion to Dismiss for Lack of Jurisdiction, ECF No. 16, and Defendant Randall Gillingham's Motion for Extension of Time to File, ECF No. 23.  Plaintiff and Co-Defendant, Randall Gillingham, d/b/a Castle Construction and Materials (Castle), both filed responses in opposition to the motion.  ECF Nos. 21 and 27, respectively.  The Government replied to both responses at ECF Nos. 22 and 32.  The Court has reviewed the pleadings and is fully informed.

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 1

BACKGROUND

On December 19, 2012, Robert Jerome ("Plaintiff") slipped and fell on ice while at his job transporting mail for the United States Postal Service ("USPS") at the Spokane Processing and Distribution Center located at 2928 South Spotted Road, Spokane, Washington. *See* ECF No. 15 at 3. The fall occurred around 10:00 p.m. outside the driver door of Plaintiff's truck that was parked by the ramp at Door 14. ECF No. 21-2 at 2. The United States owns and possesses those premises. ECF No. 15 at 2.

USPS entered into a contract with Castle Construction ("Castle") to provide snow plowing services for a specified portion of the USPS property in 2012/2013. ECF No. 16-1 at 1; ECF No. 16-2. USPS retained the responsibility to shovel and de-ice the area immediately adjacent to the building entrances and the sidewalks, ECF No. 16-1 at 2, but Castle was responsible for snow removal in the area where Plaintiff fell pursuant to the contract. ECF No. 16-1 at 2.

The contract stipulated that Castle was responsible for snow removal and "all damage to persons… that occurs as a result of its omission(s) or negligence," taking "proper safety and health precautions to protect the work, the workers, the public, the environment, and the property of others" in the specified area covered by the contract. ECF No. 16-2 at 6. However, these broad duties could be triggered in only one of two ways:

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 2

> If the accumulation of snow exceeds two (2) inches, the supplier shall commence the snow removal operation without further notification, in accordance with the priorities and schedule specified herein. Exceptions: As and if directed, the Supplier [Castle] shall provide "on-call" services when weather conditions arise that may endanger the safety of Postal employees or customers. Upon notification by the Postal Service, the successful Supplier shall respond within one hour.

ECF No. 22-2 at 6. Castle also was to "provide salting on an 'only as requested' basis." *Id*.

On December 19, 2012, the day of Plaintiff's fall, there was less than two inches of snowfall on the ground.[1] ECF No. 21-1. Although a USPS maintenance employee shoveled a path by Door 14, an area not covered by Castle's contract, and treated it with de-icer around 6:45 p.m., *see* ECF No. 29 at 8, USPS did not call Castle to remove snow or apply salt or de-icer to the area covered by the contract on the day of the accident, *see* ECF No. 28 at 2. Therefore, the areas for which Castle would have been responsible if there were more than two inches of

---

[1] The record contains declarations, reports, and weather data to support the assertion that less than two inches of snow was on the ground, *see e.g.*, ECF No. 21-1 at 4, and USPS only provides a declaration that there was "about two inches of snow accumulating. . ." *See* ECF No. 16-3 at 2. This may be disputed later, but for purposes of assessing jurisdiction, the Court relies on the submitted evidence, which shows less than two inches of snow accumulation on that day.

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 3

snow, or if they had been called by USPS, were left un-shoveled and without salt or de-icer.

Plaintiff supports this Court's jurisdiction over this case by citing to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b)(1), as a waiver of USPS's sovereign immunity. Defendant USPS contends that it delegated all of its safety responsibilities regarding snow removal to Castle, who worked for USPS as an independent contractor, and, therefore, USPS has not waived sovereign immunity pursuant to the FTCA. *See* ECF No. 16. Plaintiff alleges that USPS retained certain safety responsibilities despite its snow removal contract with Castle and that because USPS did not delegate all of the snow removal duty and failed to perform its own responsibilities, the FTCA applies. *See* ECF No. 21 at 2.

## ANALYSIS

"[S]overeign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The federal government cannot be sued unless it has "unequivocally expressed" a waiver or consent to be sued. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). A waiver must be strictly construed in favor of the sovereign and cannot be implied. *Id.* Subject matter jurisdiction depends on this prerequisite. *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015) (citing *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir.

2003)). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citing *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.2 (9th Cir. 2007)).

A challenge to jurisdiction under FED. R. CIV. P. 12(b)(1) can be facial, which confines the court's inquiry to allegations in the complaint, or factual, which allows the court to consider extrinsic evidence. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). If a factual attack is raised, the opposing party must provide "competent proof," *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)), such as "affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1040 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). The nonmoving party must prove "by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite*, 749 F.3d at 1121 (citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). "The court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone v.*
ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 5

*Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

The Federal Tort Claims Act (FTCA) is a waiver of sovereign immunity for certain torts committed by federal employees. *F.D.I.C.*, 510 U.S. at 475; 28 U.S.C. § 1346(b)(1). The FTCA provides U.S. district courts with

> exclusive jurisdiction of civil actions on claims against the United States, for money damages… [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, the FTCA expressly excludes "any contractor with the United States" as an employee. 28 U.S.C. § 2671. Whether a person qualifies as a contractor is a question of law. *Logue v. United States*, 412 U.S. 521, 528 (1973). "[T]he critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contract." *Autrey v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (citing *Hines v. United States*, 60 F.3d 1442, 1446 (9th Cir. 1995)).

It is undisputed that USPS contracted with Castle to remove snow from the Spokane Packing and Distribution Center, but at issue for purposes of subject matter jurisdiction is when that duty arose and what duties USPS retained.

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 6

Plaintiff primarily relies on *Haskin v. United States*, 569 F.App'x 12 (2d. Cir. 2014), to illustrate that jurisdiction may be conferred through the FTCA when certain responsibilities are retained in a contract and not performed. *See* ECF No. 21 at 7-9.

In *Haskin*, USPS had a contractual obligation to either call its contractor to remove accumulated snow when it was less than two inches or remove it themselves. 569 F.App'x at 15. The court in *Haskin* found USPS had delegated some of its snow removal responsibilities and had retained a duty to inspect the sidewalks when less than two inches of snow fell because USPS employees customarily checked the sidewalks and removed accumulated snow and ice. *Id*. Similarly, Plaintiff here argues that USPS was still responsible for overseeing Castle's work and controlling snow removal on sidewalks, steps, ramps, and the area where Plaintiff fell if less than two inches of snow were on the ground and if USPS had not called Castle to provide services under those circumstances. *See* ECF No. 21.

If there was less than two inches of snow on the ground, Castle's contractual duties could only be triggered by a call from USPS. *See* ECF No. 22-2 at 6. Pursuant to the terms of the contract, absent a call from USPS, the responsibility for maintaining the premises when there were less than two inches of snow on the ground could only be attributed to the landowner, USPS. Although the broad

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 7

1  language of the contract indemnified USPS from "all damage to persons" that

2  resulted from Castle's "omission(s) or negligence," ECF No. 16-2 at 6, the

3  statement of work narrowed that duty to only be applicable when either more than

4  two inches of snow was on the ground or when USPS called Castle to provide

5  "'on-call' services." ECF No. 22-2 at 6.  Since the evidence supports the

6  conclusion that there was less than two inches of snow on the ground on the night

7  that Plaintiff fell, *see* ECF No. 21-1 at 4, and USPS had not called Castle, USPS

8  was responsible for maintaining the safety of its premises.  Therefore, the Court

9  finds that the exception to the FTCA for independent contractors does not apply

10 and USPS has waived its sovereign immunity.

11       Defendant USPS proffers other arguments related to a defense of liability

12 regarding its own duty of care.  *See* ECF No. 22.  Although those arguments would

13 properly support a motion for summary judgment regarding liability, that is not the

14 current issue.  Rather, the limited question of subject matter jurisdiction is all that

15 is before the court in the present motion.  The relevant inquiry for purposes of

16 subject matter jurisdiction under the FTCA is whether USPS delegated to

17 Defendant Castle all of its duties for maintaining the safety of the premises in the

18 area specified in the contract.  The Court finds that USPS did not delegate all

19 duties, but only duties related to when more than two inches of snow accumulated

20

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 8

in the area specified in the contract or if USPS had called Castle to work on that area, neither of which occurred in this case.

Absent those conditions that are prerequisites for finding a duty imposed on Castle, Defendant USPS retained the duty for maintaining safe premises similar to any other landowner. Therefore, the Federal Tort Claims Act properly confers subject matter jurisdiction over this case in light of the facts presently before the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. United States' Motion to Dismiss for Lack of Jurisdiction, **ECF No. 16**, is **DENIED**.
2. Defendant Gillingham's Motion for Extension of Time, **ECF No. 23**, is hereby found as **MOOT**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 2nd day of March 2016.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        United States District Judge

ORDER DENYING UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 9

bar